No. 95-3357

Roman Hemphill,                     *
                                    *
          Appellant,                *
                                    *
     v.                             *
                                    *
Paul K. Delo, Individually and      *
in his Official Capacity as the     *
Superintendent at Potosi            *
Correctional Center,                *
                                    *
          Defendant,                * Appeal from the United States
                                    * District Court for the
Fred Johnson, Individually and in* Eastern District of Missouri
his Official Capacity as a          *
Caseworker at PCC; Lonnie Salts, *        [UNPUBLISHED]
Individually and in his Official *
Capacity as a Corrections Officer*
at PCC; Ray Pogue, Individually     *
and in his Official Capacity as a*
Function Unit Manager at FCC;       *
Greg Wilson, Individually and in *
his Official Capacity as an         *
Investigator at PCC,                *
                                    *
          Appellees.                *

_____

          Submitted:  August 2, 1996

            Filed:  January 21, 1997
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Roman Hemphill, an inmate at Potosi Correctional Center,  appeals
from the final judgment of the District Court for the Eastern District of
Missouri granting defendants summary judgment

in this 42 U.S.C. § 1983 action.  For the reasons discussed below, we reverse and remand for further proceedings.

In an amended complaint, Hemphill alleged that he was denied due process in connection with a conduct violation he received on June 19, 1992, charging him with violating Rule #3--Dangerous Contraband--for being "involved in the introduction and distribution of drugs into Potosi Correctional Center."  Hemphill alleged he was placed on disciplinary segregation--locked in his housing unit--prior to appearing before the adjustment board.  At his disciplinary hearing, the adjustment board members informed him they had received information from a confidential informant, but they did not disclose the informant's name or information received.  Without revealing the evidence used against him, the adjustment board found Hemphill guilty, sentenced him to thirty days in disciplinary segregation, referred him for criminal prosecution, and referred the matter to the administrative segregation committee.  Hemphill was assigned to administrative segregation effective July 18, 1992, and was released to the general population on May 4, 1993.  Hemphill claimed defendants conspired to deny him due process and equal protection in connection with the disciplinary action, and he sought damages.

Defendants moved for summary judgment, and submitted documentary evidence in support.  Hemphill opposed the motion.  On January 30, 1995, the district court granted defendants summary judgment on all claims, except the claim that there was insufficient evidence to support the disciplinary action.  Defendants appealed, and we remanded the case for a ruling on qualified immunity.  Hemphill v. Johnson, No. 95-1451 (8th Cir. Mar. 15, 1995) (judgment).

On remand, defendants filed a Notice of Supplemental Authority, noting that the Supreme Court had issued its decision in Sandin v. Conner, 115 S. Ct. 2293, 2301 (1995) (Sandin), and

arguing that Hemphill was not entitled to the procedural protections of Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). On August 8, 1995, without conducting further proceedings, the district court concluded that Hemphill was not entitled to due process protection because the punishment that he received did not present the type of "atypical, significant deprivation" in which a state might conceivably create a liberty interest, see Sandin, 115 S. Ct. at 2300, and that Hemphill's allegation of insufficient evidence no longer supported a cause of action in the wake of Sandin. The district court thus vacated its January 30 order and granted defendants summary judgment on all claims.

The Court in Sandin recognized that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 2300 (citations omitted).

The Court determined that a Hawaii inmate did not have a liberty interest in remaining free from disciplinary segregation because the inmate's thirty days in segregated disciplinary confinement did not present the type of "atypical, significant deprivation" in which a state might conceivably create a liberty interest. Id. at 2301. In reaching that conclusion, the Court reviewed the record and made findings that, "with insignificant exception," the inmate's disciplinary segregation "mirrored those conditions imposed upon inmates in administrative segregation and protective custody." Id. The Court supported its conclusion by discussing the various custodial conditions at the particular prison in question and by demonstrating that the plaintiff's

-3-

segregation "did not work a major disruption in his environment."  Id.

In contrast to the detailed record in Sandin, the record here did not contain and the district court did not cite any factual basis for concluding that the segregation at issue did not impose an "atypical and significant hardship" on Hemphill in relation to the "ordinary incidents of prison life."  We agree with the circuit courts which have concluded that this factual determination is required under Sandin.  See Samuels v. Mockry, 77 F.3d 34, 38 (2d Cir. 1996) (per curiam); Gotcher v. Wood, 66 F.3d 1097, 1101 (9th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95-1385); Whitford v. Boglino, 63 F.3d 527, 533 (7th Cir. 1995) (per curiam).  Thus, we remand this case for such a factual determination.  See Samuels v. Mockry, 77 F.3d at 38 (factual determination should not be made by appeals court in first instance).

Accordingly, the judgment of the district court is reversed and the case remanded for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-